1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  VIRGINIA GUTIERREZ,              )     NO. ED CV 15-889-E
                                     )
12              Plaintiff,           )
                                     )
13       v.                          )     **MEMORANDUM OPINION**
                                     )
14  CAROLYN W. COLVIN, ACTING        )     **AND ORDER OF REMAND**
    COMMISSIONER OF SOCIAL SECURITY, )
15                                   )
                Defendant.           )
16  _____)

17

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20  judgment are denied and this matter is remanded for further

21  administrative action consistent with this Opinion.

22

23                         **PROCEEDINGS**

24

25       Plaintiff filed a complaint on May 6, 2015, seeking review of the

26  Commissioner's denial of disability benefits.  The parties filed a

27  consent to proceed before a United States Magistrate Judge on

28  July 13, 2015.  Plaintiff filed a motion for summary judgment on

1  November 6, 2015.  Defendant filed a cross-motion for summary judgment

2  on December 7, 2015.  The Court has taken the motions under submission

3  without oral argument.  See L.R. 7-15; "Order," filed May 11, 2015.

4

5  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

6

7  Plaintiff asserts disability since November 9, 2009, based on a

8  combination of alleged impairments (Administrative Record ("A.R.") 65-

9  84, 200-01, 206-07, 249).  An Administrative Law Judge ("ALJ") found

10  Plaintiff suffers from several severe "medically determinable

11  impairments," including "severe left ear hearing loss with fluctuating

12  hearing in the right ear" (A.R. 27).  In defining Plaintiff's supposed

13  residual functional capacity, however, the ALJ failed to include any

14  hearing limitation (A.R. 29).  Similarly, in framing hypothetical

15  questions for the vocational expert, the ALJ failed to mention

16  Plaintiff's severe hearing impairment (A.R. 91).  In at least partial

17  reliance on the vocational expert's testimony, the ALJ found that a

18  person having Plaintiff's supposed residual functional capacity could

19  perform all of Plaintiff's past relevant work (A.R. 32).  The Appeals

20  Council denied review (A.R. 1-5).

21

22  **STANDARD OF REVIEW**

23

24  Under 42 U.S.C. section 405(g), this Court reviews the

25  Administration's decision to determine if: (1) the Administration's

26  findings are supported by substantial evidence; and (2) the

27  Administration used correct legal standards.  See Carmickle v.

28  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

1   499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

2   682 F.3d 1157, 1161 (9th Cir. 2012).   Substantial evidence is "such

3   relevant evidence as a reasonable mind might accept as adequate to

4   support a conclusion."   Richardson v. Perales, 402 U.S. 389, 401

5   (1971) (citation and quotations omitted); see also Widmark v.

6   Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

7

8        If the evidence can support either outcome, the court may

9        not substitute its judgment for that of the ALJ.   But the

10       Commissioner's decision cannot be affirmed simply by

11       isolating a specific quantum of supporting evidence.

12       Rather, a court must consider the record as a whole,

13       weighing both evidence that supports and evidence that

14       detracts from the [administrative] conclusion.

15

16  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

17  quotations omitted).

18

19                              **DISCUSSION**

20

21       As the ALJ expressly acknowledged, "[a]n impairment or

22  combination of impairments is 'severe' within the meaning of the

23  regulations if it significantly limits an individual's ability to

24  perform basic work activities" (A.R. 26).   See 20 C.F.R. §

25  404.1520(c); 20 C.F.R. § 416.920(c).   Here, the ALJ erred by defining

26  a residual functional capacity that failed to comprehend the

27  necessarily significant work-related limitations caused by Plaintiff's

28  severe hearing impairments.   See, e,g. Spurling v. Commissioner, 2009

1  WL 1393369, at *12 (N.D. W. Va. May 14, 2009) (ALJ erred where "[t]he

2  ALJ did not include any limitation in his RFC for Plaintiff's hearing

3  loss even though he found it to be a severe impairment").[1]  The ALJ

4  similarly erred by failing to mention any hearing limitation in the

5  hypothetical questions posed to the vocational expert.  See DeLorme v.

6  Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) (hypothetical question to

7  the vocational expert must "set out all of the claimant's

8  impairments"); accord Gamer v. Secretary, 815 F.2d 1275, 1280 (9th

9  Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

10

11      Defendant appears to argue that any error was harmless, positing

12  that Plaintiff's hearing limitations assertedly would not impact her

13  past relevant work as a "customer service representative."  This

14  argument must be rejected.  On the present record, substantial

15  evidence does not support the conclusion Plaintiff could perform her

16  work as a "customer service representative" notwithstanding her severe

17  hearing impairments.

18  _____

19      [1]     At one point in the ALJ's decision, the ALJ appears to
    backtrack on the earlier finding of severe medically determinable
20  hearing impairments (A.R. 30) ("the claimant has not provided
    evidence in the form of audiogram testing to establish the
21  existence of a severe medically determinable hearing
    impairment").  To the extent that the ALJ's decision is
22  inconsistent or ambiguous on the issue of whether Plaintiff has
    any significant hearing-related limitation, remand would be
23  required to clarify the decision.  See Regennitter v.
    Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (an ALJ's
24  inaccurate characterization of the record, when material,
    warrants remand); Rodriguez v. Astrue, 2011 WL 1103119, at *9
25  (E.D. Cal. March 22, 2011) ("remand for further proceedings is
    proper due to the ambiguity of the ALJ's decision . . .."); Mingo
26  v. Apfel, 1998 WL 373411, at *2 (D. Kan. July 1, 1998) (remand
    necessary where the Administration conceded the ALJ's findings
27  were internally inconsistent).

28

1    Although the claimant has the burden of proving an inability to

2    perform his or her past relevant work, "the ALJ still has a duty to

3    make the requisite factual findings to support his [or her]

4    conclusion."  Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).

5    The incompleteness of the hypothetical questions posed to the

6    vocational expert in the present case prevents that expert's testimony

7    from furnishing substantial evidence that Plaintiff can perform her

8    past relevant work.  See DeLorme v. Sullivan, 924 F.2d at 850; Gamer

9    v. Secretary, 815 F.2d at 1280; Gallant v. Heckler, 753 F.2d at 1456.

10   An ALJ need not always consult a vocational expert to help determine

11   whether a claimant can perform the claimant's past relevant work.  See

12   Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v.

13   Heckler, 770 F.2d 845, 850 (9th Cir. 1985).  However, "[t]o determine

14   whether a claimant has the residual capacity to perform his [or her]

15   past relevant work, the [Administration] must ascertain the demands of

16   the claimant's former work and then compare the demands with his [or

17   her] present capacity."  Villa v. Heckler, 797 F.2d 794, 797-98 (9th

18   Cir. 1986); see 20 C.F.R. § 404.1520(e).

19

20   In finding that an individual has the capacity to perform a past

21   relevant job, the determination or decision must contain among the

22   findings the following specific findings of fact:

23

24        1.   A finding of fact as to the individual's RFC

25        [residual functional capacity].

26

27        2.   A finding of fact as to the physical and mental

28        demands of the past job/occupation.

5

1          3.   A finding of fact that the individual's RFC would

2     permit a return to his or her past job or occupation.   SSR

3     82-62 (emphasis added).

4

5  See <u>Dealmeida v. Bowen</u>, 699 F. Supp. 806, 807 (N.D. Cal. 1988).

6

7     In making these findings, the ALJ must conduct a searching

8  inquiry and analysis.

9

10    The decision as to whether the claimant retains the

11    functional capacity to perform past work which has current

12    relevance has far-reaching implications and must be

13    developed and explained fully in the disability decision.

14    Since this is an important and, in some instances, a

15    controlling issue, every effort must be made to secure

16    evidence that resolves the issue as clearly and explicitly

17    as circumstances permit.

18

19    Reasonable inferences may be drawn, but presumptions,

20    speculations and suppositions must not be used.   SSR 82-62.

21

22    Evidence concerning the hearing-related demands of Plaintiff's

23  past relevant work (including Plaintiff's past relevant work as a

24  "customer service representative") is sparse or non-existent on the

25  present record.   The ALJ's failure to inquire further regarding these

26  demands constituted error.   <u>See</u> SSR 82-62; <u>see also</u> <u>Burkhart v. Bowen</u>,

27  856 F.2d 1335, 1341 (9th Cir. 1988) (Administration may not speculate

28  concerning the requirements of particular jobs); <u>Brown v. Heckler</u>, 713

1 | F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully

2 | and fairly develop the record and to assure the claimant's interests

3 | are considered . . .").

4 |

5 |     The Court is unable to conclude that the above-discussed errors

6 | were harmless.  See Treichler v. Commissioner, 775 F.3d 1090, 1105

7 | (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error,

8 | but the record is uncertain or ambiguous, the proper approach is to

9 | remand the case to the agency"); Garcia v. Commissioner, 768 F.3d 925,

10 | 932-34 (9th Cir. 2014) (a failure to develop the record is not

11 | harmless unless it is "clear from the record" that the error was

12 | "inconsequential to the ultimate nondisability determination"; citing

13 | Tommasetti v. Astrue, 533 F.3d 1035 (9th Cir. 2008)); see also McLeod

14 | v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where

15 | "the reviewing court can determine from the 'circumstances of the

16 | case' that further administrative review is needed to determine

17 | whether there was prejudice from the error").

18 |

19 |     Remand is appropriate because the circumstances of this case

20 | suggest that further administrative review could remedy the ALJ's

21 | errors.  McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura,

22 | 537 U.S. 12, 16 (2002) (upon reversal of an administrative

23 | determination, the proper course is remand for additional agency

24 | investigation or explanation, except in rare circumstances); Dominguez

25 | v. Colvin, 2015 WL 8600040, at *3 (9th Cir. Dec. 14, 2015) ("Unless

26 | the district court concludes that further administrative proceedings

27 | would serve no useful purpose, it may not remand with a direction to

28 | provide benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5

1  (remand for further administrative proceedings is the proper remedy

2  "in all but the rarest cases").

3

4                              **CONCLUSION**

5

6       For all of the foregoing reasons,[2] Plaintiff's and Defendant's

7  motions for summary judgment are denied and this matter is remanded

8  for further administrative action consistent with this Opinion.

9

10      LET JUDGMENT BE ENTERED ACCORDINGLY.

11

12         DATED: January 4, 2016.

13

14

                                  _____/S/_____
15                                CHARLES F. EICK
                                  UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25        [2]    The Court has not reached any other issue raised by
26  Plaintiff except insofar as to determine that reversal with a
    directive for the immediate payment of benefits would not be
27  appropriate at this time.  "[E]valuation of the record as a whole
    creates serious doubt that [Plaintiff] is in fact disabled."
28  See Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014).